1

2

**PHILLIPS DAYES LAW GROUP PC**
**ATTORNEYS AT LAW**
**Suite 1500**
3 **3101 North Central Avenue**
**Phoenix, Arizona 85012**
**(602) 258-8900**
4 minute_entries@phillipslaw.com

5

Trey Dayes (AZ Bar # 020805)
6 treyd@phillipsdayeslaw.com
Dawn M. Sauer (AZ Bar # 030271)
7 dawns@phillipsdayeslaw.com
John L. Collins (AZ Bar # 030351)
8 johnc@phillipsdayeslaw.com
Sean Davis (AZ Bar #030754)
9 seand@phillipsdayeslaw.com
10 Attorneys for Plaintiff

11 **UNITED STATES DISTRICT COURT**

12 **DISTRICT OF ARIZONA**

13 | Cinthia Hernandez, a single woman; | Case No.: |

14 | on behalf of herself and a class of others | **CLASS ACTION COMPLAINT** |

15 | Plaintiff, | |
16 | vs. | **JURY DEMAND** |

17

18 Tax Breaks, Inc., a Nevada Corporation; Darius
Allen and Sharmale McCallum-Allen, husband
19 and wife; Kevin Murphy and Chelsea Murphy,
husband and wife,
20
Defendants.
21

22      Plaintiff and the Class, on behalf of themselves, other employees and former

23 employees, bring this class action, pursuant to Rule 23 of the Federal Rules of Civil

24 Procedure,  against Defendants, Tax Breaks, Inc., Darius Allen and Sharmale

25

---

McCallum-Allen, and Kevin Murphy and Chelsea Murphy. Plaintiff and the Class base

the following factual and legal allegations upon information and belief.

### NATURE OF THE CASE

1.    This is a class action brought on behalf of Plaintiff and the Class who were

tax preparers for Defendants, from December 2012 through April 2013, who were never

or improperly compensated for their work.

2.    The named Plaintiff and the Class are comprised of former employees of

Defendants' whom worked as tax preparers.

3.    Defendants systematically and wrongfully undercompensated Plaintiff and

the Class for the tax preparer services they provided.

4.    Plaintiff on behalf of the Class brings an action under the Federal

Racketeer Influenced and Corrupt Organizations ("RICO") Act. Defendants engaged in

a pattern of fraudulent and unlawful activity, including mail and wire fraud in violation

of 18 U.S.C. §1341 and 18 U.S.C. §1343, that allowed them to further promote and

expand their business. They perpetrated unlawful activities at the expense of their

employees and contrary to public policy.

5.    Plaintiff on behalf of the Class brings an action under the Fair Labor

Standards Act ("FLSA"). The Fair Labor Standards Act ("FLSA") is designed to

eliminate "labor conditions detrimental to the maintenance of the minimum standard of

living necessary for health, efficiency and general well-being of workers" 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) & 207(a).

6.      Employers must compensate employees for all work that employers permit employees to perform. See 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. 29 C.F.R. § 785.13.

7.      Employers may not accept the benefits of employees performing work without compensating the employees for their work. Id.

8.      Plaintiff on behalf of the Class brings this action against Defendants for unlawful failure to pay minimum wage in direction violation of the FLSA. 29 U.S.C. §206. Defendants had a consistent policy of denying Plaintiff and the Class their earned wages for work performed.

9.      Plaintiff on behalf of the Class brings this action against Defendants for unlawful failure to pay overtime wages in direct violation of the FLSA, 29 U.S.C. §207(a). Defendants had a consistent policy of allowing Plaintiff and the Class to work in excess of 40 hours in a work week without compensating them at one and one half times their regular wages, as required by the FLSA.

10.      Plaintiff on behalf of the Class brings this action against Defendants for

breach of employment agreement. Defendants entered into an agreement with Plaintiff and the Class for tax preparation services at the rate of $10.00 per hour. However, Defendants never paid Plaintiff and the Class the agreed upon rate for the services they performed.

11.     Plaintiff on behalf of the Class brings this action against Defendants for fraud. Defendants intentionally misrepresented material terms of compensation agreements, among other things, to induce the Plaintiff and the Class to work for Defendants to their detriment.

12.     Plaintiff on behalf of the Class brings this action against Defendants for bad faith. Defendants acted in bad faith by engaging in intentionally malicious and fraudulent behavior to materially benefit from the Plaintiff and the Class without properly compensating them.

13.     Plaintiff on behalf of the Class brings this action against Defendants for failure to pay wages in violation of public policy. Plaintiff and the Class sustainably performed all obligations to Defendants without remuneration either at the required federal minimum wage or at the rate agreed upon by the parties.

14.     Plaintiff on behalf of the Class brings this action against Defendants for *quantum merit*. Plaintiff and the Class performed work for Defendants, yet received no or minuscule compensation for the work performed.

15.     Plaintiff on behalf of the Class brings this action against Defendants for unjust enrichment. Defendants were unjustly enriched when they refused to compensate Plaintiff and the Class for work performed by Plaintiff and the Class for and at the direction of Defendants.

16.     Plaintiff on behalf of the Class brings this action against Defendants for conversion. By refusing to compensate Plaintiff and the Class and continuing to operate, Defendants converted Plaintiff's and the Class's rightfully owned wages into personal property.

17.     Plaintiff on behalf of the Class brings this action against Defendants for failure to pay the employers portion of Medicare or social security taxes  for Plaintiff and the Class in violation of 26 U.S.C. §3111.

18.     Plaintiff on behalf of the Class brings this action against Defendants for using Defendant corporations as their alter ego and request that the court pierce the corporate veil. Defendants failed to operate Defendant corporations as business entities and instead treated Defendant corporations as extensions of their personalities.

19.     Plaintiff and the Class seek to recover damages, including interest thereon, statutory penalties, attorneys' fees and costs pursuant to 29 USC §216(b).

## **JURISDICTION AND VENUE**

20.     This Court has jurisdiction over the subject matter of this action pursuant to

28 USC § 1331 because there is federal question jurisdiction under 18 USC § 1964(c) and 29 USC §201, *et seq*.

21.     The Court also has supplemental jurisdiction over the remainder of the claims pursuant to 28 USC § 1367, as the claims against Defendants are related to the claims upon which original jurisdiction is based.

22.     The Court had personal jurisdiction over Defendants Tax Breaks, Inc. pursuant to 18 U.S.C. Section 1965(a), since Defendants are either found in, have an agent in, or transact business affairs in this district.

23.     Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

24.     The Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona, and more particularly, within Maricopa County, Arizona so as to give rise to jurisdiction of this Court.

## **PARTIES**

25.     At all times material hereto, Tax Breaks, Inc. was incorporated in the State

1   of Nevada.

2

3       26.     Tax Breaks, Inc. has its principle place of business at 1900 McKinney Unit

4   2509, Dallas, Texas 75201.

5

6       27.     Upon information and belief, at all times material hereto, Defendant Darius

7   Allen, was and continues to be a resident of Dallas County, Texas.

8

9       28.     Upon information and belief, at all times material hereto, Defendant Kevin

10  Murphy, was and continues to be a resident of Dallas County, Texas.

11

12      29.     Sharmale McCallum-Allen is Darius Allen's wife. Darius and Sharmale

13  McCallum-Allen have caused events to take place giving rise to this Complaint as to

14  which their material community is fully liable.

15

16      30.     Chelsea Murphy is Kevin Murphy's wife. Kevin and Chelsea Murphy have

17  caused events to take place giving rise to this Complaint as to which their material

18  community is fully liable.

19

20      31.     Upon information and belief, Defendants Allen and Murphy are the owners

21  of Tax Breaks, Inc. and make all decisions on the daily activities of the corporations and

22  make all decisions regarding pay policies and business policies for the corporations.

23

24      32.     At all relevant times, Plaintiff and the Class were "employees" of

25  Defendants, as defined by 29 U.S.C. §203(e)(1).

33. At all relevant times, Defendants were and continue to be an "employer" as defined by 29 USC §203(d).

34. Upon information and belief, Defendants Allen and Murphy are deemed an "employer" for purposes of the FLSA, including, without limitation, 29 USC §216, and are co-equally liable with all other Defendants.

35. At all times material to this action, Defendants were and are an enterprises engaged in commerce or in the production of goods for commerce as defined by §203 of the FLSA.

36. At all times material to this action, Defendants had an annual gross revenue exceeding $500,000.00.

37. The additional persons who may become Plaintiffs in this action "worked" for Defendants, held similar positions as non-exempt tax preparers as Plaintiff and the Class, and were under compensated for hours worked.

## **CLASS ACTION ALLEGATIONS**

38. Plaintiff brings this action as a class action pursuant to Rules 23(a), b(1), (b)(2),(b)(3) of the Federal Rules of Civil Procedure on behalf of themselves and all other current and former tax preparers who were damaged by Defendants' wrongful acts and omissions.

39.     The members of the Class are so numerous and so widely dispersed that joinder of all members is impractical. While the exact number of current and former tax preparers is unknown to the Plaintiff at this time, the identity of the members can be ascertained through appropriate discovery. Plaintiff, upon information and belief, estimates the Class to consist of more than 700 current and former employees throughout the United States. The identity of all of the members of the Class may be ascertained and identified through records maintained by Tax Breaks, and the members may be notified of this pending action by mail.

40.     Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the class. These common questions are set forth in detail in the Factual Background.

41.     Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and the other members of the Class each sustained damages arising out of the Defendants' wrongful conduct as complained herein.

42.     Plaintiff will fairly and adequately protect the interest of the members of the Class.

43.     Plaintiff has retained counsel competent and experienced in class action and complex litigation.

44.     Plaintiff has no interests antagonistic or in conflict with those of the Class.

45.    Class action status in this action is warranted under Rule 23(b)(1)(B) because prosecution of separate actions by the members of the Class would create a risk of adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the actions, or sustainably impair or impede their ability to protect their interests.

46.    Class action status is also warranted under the other subsections of Rule 23(b) because (i) prosecution of separate actions by the members of the Class would create a risk of establishing incompatible standards of conduct for the Defendants, (ii) Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive, declaratory, or other appropriate equitable relief with respect to the Class as a whole, in (iii) questions of law or fact common to members of the Class predominate over any questions affecting only individual members a class action is superior to the other available methods for the fair and efficient adjudication of this controversy.

## **FACTUAL BACKGROUND**

47.    Tax Breaks, Inc. specializes in tax preparation services.

48.    Tax Breaks, Inc. operated exclusively out of Family Dollar stores in a partnership.

49.    Defendants hired Plaintiff and the Class to work as non-exempt hourly paid employees, beginning in December of 2012.

50.     Plaintiff and the Class were hired at the rate of $10.00 per one hour worked.

51.     Plaintiff and the Class were told they would be paid on the 1st and the 15th of every month.

52.     From approximately December 2012 to April 2013, Plaintiff and the Class worked for Tax Breaks as "Tax Preparers".

53.     Plaintiff and the Class's responsibilities as "Tax Preparers" consisted of interviewing clients who needed assistance filing their tax returns, preparing income taxes, and sending the return to the Internal Revenue Service for clients.

54.     Defendants failed to properly compensate Plaintiff and the Class the agreed upon hourly rate or minimum wage as required by the Fair Labor Standards Act (FLSA).

55.     Defendants failed to pay federal Medicare and social security contributions ("FICA") on behalf of Plaintiff and the Class.

56.     Plaintiff and the Class were non-exempt employees.

57.     Plaintiff and the Class were not managers.

58.     Plaintiff and the Class did not exercise discretion and independent judgment with respect to matters of significance.

59.     During this time, Plaintiff and the Class regularly worked over (40) hours.

60.     From December 2012 and continuing at least through April 2013, Defendants failed to compensate Plaintiff and the Class time and a half for any of their overtime hours.

61.     Defendants' failure and/or refusal to properly compensate Plaintiff and the Class at the rates and amounts required by the FSLA were/was willful.

62.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff and the Class of their rights under the FLSA.

63.     Plaintiff has retained the law firm of Phillips Dayes Law Group, P.C., to represent him in this litigation and has agreed to pay a reasonable fee for the services rendered in the prosecution of this action on his behalf.

<u>**COUNT ONE**</u>
<u>**VIOLATION OF RACKETEER INFLUENCED AND CORRUPT**</u>
<u>**ORGANIZATIONS ACT § 1962**</u>

64.     Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

65.     The Defendants, working together to operate the enterprise, violated Federal Racketeer Influenced and Corrupt Organizations ("RICO") statutes when they operated and/or conspired to operate Tax Breaks, Inc. through a pattern of racketeering activity, which was intended to defraud Plaintiff and the Class

66.     Defendants received income from their pattern of racketeering activity and

used those funds to continue to operate the enterprise, Tax Breaks, Inc., and further their fraudulent scheme.

67.     Upon information and belief, in furtherance of their ongoing scheme to defraud Plaintiff and the Class out of wages, Defendants used interstate wire facilities to have IRS tax refund money wired directly to personal bank accounts.

68.     Upon information and belief, Defendants used telephone and email communication to mislead Plaintiff and the Class that they would be paid at a later time and to induce them to continue working without wages.

69.     Upon information and belief, Defendants used the U.S. Mail to send unexecuted wage checks to Tax Breaks stores preventing Plaintiff and the Class from being able to deposit wages earned in their personal banking accounts.

70.     Defendants acts of wire fraud, indictable under 18 USC § 1343, and mail fraud, indictable under 18 USC § 1341, constitute predicate acts within the meaning of 18 USC §1961(5), committed by Tax Breaks, Inc. to perpetrate its pattern of racketeering activity.

71.     Defendants were the direct and indirect beneficiaries of the funds derived from the pattern of racketeering activity.

72.     Money withheld, instead of paid as compensation to Plaintiff and the Class,

was retained by Defendants as income for personal gain and in order to continue the operation of Tax Breaks, Inc.

73.     Plaintiff and the Class have incurred monetary losses and have sustained injury as a result of Defendants' violations of 18 USC §1962(c).

74.     Pursuant to 18 USC §1964(c), Defendants are liable to Plaintiff and the Class for treble the damages they have sustained, and costs of brining this suit, including reasonable attorneys' fees.

## COUNT TWO
## VIOLATION OF FAIR LABOR STANDARDS ACT §206

75.     Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

76.     Pursuant to 29 U.S.C. § 206, Defendant was required to pay Plaintiff and the Class at least the amount of the federal minimum wage, when those wages were due, for each hour Plaintiff and the Class worked.

77.     Defendants willfully failed and refused to pay Plaintiff and the Class at least the amount of the federal minimum wage, when those wages were due.

78.     Plaintiff and the Class are entitled to collect the difference between their received wages and the wages due, over the past three years, in an amount to be proved at trial, in addition to liquidated damages in the same amount, together with costs,

1  disbursements and reasonable attorney fees pursuant to 29 U.S.C. §216(b).

2

3  **COUNT THREE**
**VIOLATION OF FAIR LABOR STANDARDS ACT §207**

4

5  79.     Plaintiff incorporates and adopts the preceding paragraphs as if fully set

6  forth herein.

7

8  80.     While employed by Defendants, Plaintiff and the Class regularly worked

9  tens of multiple hours of overtime per week.

10

11  81.     Defendants have intentionally failed and/or refused to pay Plaintiff and the

12  Class overtime pay according to the provisions of the FLSA.

13

14  82.     Defendants further have engaged in a widespread pattern and practice of

15  violating the provisions of the FLSA by failing to pay Plaintiff and the Class in

16  accordance with § 207 of the FLSA.

17  83.     Defendants' actions in failing to compensate Plaintiff and the Class, in

18  violation of the FLSA, were willful.

19

20  84.     Defendants have not made a good faith effort to comply with the FLSA.

21

22  85.     As a result of Defendants' violations of the FLSA, Plaintiff and the Class

23  have suffered damages by failing to receive compensation in accordance with § 207 of

24  the FLSA.

25

86.     Under 29 U.S.C. §216 Defendants are liable to Plaintiff and the Class for an amount equal to one and one-half  times their regular pay rate for each hour of overtime worked per week.

87.     In addition to the amount of unpaid wages owed, Plaintiff and the Class are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

88.     Plaintiff and the Class are also entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

## COUNT FOUR
## BREACH OF EMPLOYMENT AGREEMENT

89.     Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

90.     Defendants offered to employ Plaintiff and the Class as Tax Preparers at the rate of $10.00 per hour.

91.     Plaintiff and the Class accepted Defendants' offer of employment based on this wage rate.

92.     Plaintiff and the Class performed the role of tax preparers for Defendants during the months of December 2012 and April 2013.

93.     Defendants breached the employment agreements by intentionally failing and/or refusing to pay Plaintiff and the Class any wages for the services they performed.

94.     Plaintiff and the Class have substantially performed all obligations to Defendants.

95.     Plaintiff and the Class have suffered damages proximately caused by Defendants' breach of the employment contracts.

**COUNT FIVE**
**FRAUD**

96.     Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

97.     Tax Breaks, Inc. intentionally misrepresented the material terms of the tax preparers' compensation in order to convince Plaintiff and the Class to work for Tax Breaks, Inc.

98.     Plaintiff and the Class would not have entered into employment with Tax Breaks, Inc., or remained Tax Breaks, Inc. employees, if Tax Breaks, Inc. had fully and properly disclosed its true intentions to withhold wages from Plaintiff and the Class.

99.     Defendants willfully omitted, misrepresented, or concealed material facts relating to Defendants' intentions to withhold wages from the Plaintiff and the Class in order to deceive Plaintiff and the Class.

100.   Plaintiff and the Class had a right to rely on these representations, did rely on these representations without knowing them to be false, and have suffered a loss and damage as a result.

101.   Upon information and belief, Tax Breaks, Inc. fraudulent misrepresentations include, but are not limited to, the following:

    a.   Promising Plaintiff and the Class wages in order to induce them to work despite intending not to pay wages; and

    b.   Repeatedly denying the receipt of the required information to establish direct deposit wage payments for Plaintiff and the Class; and

    c.   Telling Plaintiff and the Class that paychecks would arrive on certain days, knowing that information to be false.

102.    Defendants' conduct alleged herein was fraudulent, intentional, outrageous, wanton, willful, and malicious warranting an award for punitive damages in addition to compensatory damages.

## COUNT SIX
## BAD FAITH

103.   Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

104.   In any contract there is an implied duty of good faith and fair dealings.

105.   Upon information and belief, Defendants offered employment to Plaintiff and the Class with the intent to withhold wages.

106.   Defendants engaged in a pattern and practice of refusing to pay Plaintiff and the Class wages for the services they performed.

107.   Defendants systemically misrepresented the status of federal employment documents in order to withhold payment from Plaintiff and the Class.

108.   Defendants materially benefited from withholding wages to the detriment of the Plaintiff and the Class.

109.   Defendants' conduct alleged herein was fraudulent, intentional, outrageous, wanton, willful, and malicious warranting an award for punitive damages in addition to compensatory damages.

## COUNT SEVEN
## FAILURE TO PAY WAGES

110.   Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

111.   Defendants intentionally failed and/or refused to pay Plaintiff and the Class any wages for the services they performed.

112.   Plaintiff and the Class have substantially performed all obligations to Defendants by working as tax preparers.

113.   Plaintiff and the Class have suffered damages proximately caused by Defendants' failure to pay wages at the agreed upon rate.

## COUNT EIGHT
## QUANTUM MERUIT

114.   Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

115.   Tax Breaks, Inc. systematically failed or refused to compensate Plaintiff and the Class for work that was actually performed.

116.   Plaintiff and the Class are entitled to a *quantum meruit* recovery from Defendants for the fair value of the work that was performed, but for which compensation was not paid.

**COUNT NINE**
**UNJUST ENRICHMENT**

117.   Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

118.   Defendants were unjustly enriched by withholding compensation from Plaintiff and the Class after work was performed.

119.   Defendants have failed to compensate Plaintiff and the Class for the value of the benefits Defendants unjustly derived from the scheme they perpetrated to withhold tax preparers' wages.

120.   Plaintiff and the Class therefore demand restitution and judgment against the Defendants for the amount of unjust enrichment that Defendants have received as a result of wrongfully withheld wages, along with pre-judgment interest on the sums owed.

**COUNT TEN**
**CONVERSION**

121.   Plaintiff incorporates and adopts the preceding paragraphs as if fully set

forth herein.

122.   As a result of Tax Break, Inc.'s failure to account for and pay compensation to Plaintiff and the Class, the value of compensation wrongfully withheld from Plaintiff and the Class for the services rendered has been converted into Defendants' personal property.

123.    Defendants have willfully and wrongfully misappropriated and converted the value of the unpaid compensation into Defendants' property.

124.   As a result of Tax Breaks, Inc.'s conversion, Plaintiff and the Class have been damaged.

125.   Defendants' conduct was intentional, willful and malicious warranting and award of punitive damages in addition to compensatory damages.


**COUNT ELEVEN**
**FAILURE TO PAY FICA**

126.   Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

127.   Section 3111 of Title 26 of the United States Code imposes on "every employer an excise tax, with respect to having individuals in his employ," which is the employer's share of the FICA tax.

128.   Defendants employed Plaintiff and the Class, and thus, were legally obligated to pay the employer's share of the FICA tax for Plaintiff and the Class.

129.   Defendants violated the Plaintiff's and the Class's FICA rights by failing to report Plaintiff's  and Class's earnings to the IRS and Social Security Administration or to pay the Social Security commonly called "FICA" taxes which the Defendants owed on account of Plaintiff's and the Class's labor, as required under the FICA.

130.   Defendants' failure to pay required taxes proximately injured Plaintiff and the Class by resulting in the loss of the employer portion of FICA, and unemployment benefit contributions.

**COUNT TWELVE**
**ALTER EGO/PIERCING OF CORPORATE VEIL**

131.   Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

132.   Upon information and belief, Defendants Darius Allen and Kevin Murphy, at all times herein mentioned, were the owners of 100% of the shares of stock of Tax Breaks, Inc.

133.   Upon information and belief, Defendants Darius Allen and Kevin Murphy, and at all times herein mentioned were, officers and directors of Tax Breaks, Inc.

134.   Upon information and belief, Defendants Darius Allen and Kevin Murphy failed to observe the corporate formalities for Tax Breaks, Inc. as required under Nevada Law.

135.   Upon information and belief, Defendants Darius Allen and Kevin Murphy used Tax Breaks, Inc.'s corporate status merely as protection against personal liability so that they could engage in activities that maximized their personal gain to the detriment of Tax Breaks, Inc.

136.   Upon information and belief, there exists, and at all times herein mentioned there existed, a unity of interest in ownership between Defendants Darius Allen, Kevin Murphy and Tax Breaks, Inc., such that any separateness between Defendants Darius Allen, Kevin Murphy, and Tax Breaks, Inc. have ceased to exist.

137.    Upon information and belief,  Tax Breaks, Inc. is and was the alter ego of Defendants Darius Allen and Kevin Murphy in that:

   a.  Defendants Darius Allen and Kevin Murphy commingled corporate funds of Tax Breaks, Inc. and their personal funds by depositing customer tax refund monies into their personal banking accounts.

   b.  Defendants Darius Allen and Kevin Murphy diverted funds and other assets of Tax Breaks, Inc. for sources other than corporate uses;

   c.  Defendants Darius Allen and Kevin Murphy treated the assets of Tax Breaks, Inc. as their own;

d.  At all times herein mentioned, Defendants Darius Allen and Kevin Murphy carried out the activities and business of Tax Breaks, Inc. without holding shareholder meetings and without maintaining adequate records or minutes of corporate proceedings;

e.  Tax Breaks, Inc. is a mere shell, instrumentality and conduit through which Defendants Darius Allen and Kevin Murphy carried out their personal business in the corporate name. They conducted business exactly as they conducted it prior to incorporation such that no separateness exists between Defendants Tax Breaks, Inc., Darius Allen, and Kevin Murphy.

f.  To recognize Tax Breaks, Inc.'s corporate form would promote in justice against Plaintiff, the Class, and others.

g.  Adherence to the fiction of the separate existence of Tax Breaks, Inc. would permit an abuse of the corporate privilege and would be inequitable and unfair.

138.  The Court should, therefore, pierce the corporate veil and hold Defendants Darius Allen and Kevin Murphy personally liable for any judgment that may arise from this proceeding.

## COUNT THIRTEEN
## DECLARATORY JUDGMENT

139.  Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

140.   Plaintiff and the Class have a Fair Labor Standards Act dispute pending against Defendants.

141.   The Court has jurisdiction to hear Plaintiff's and the Class' request for declaratory relief pursuant to the Declaratory Judgment Act 28 USC §§2201-2202.

142.   Plaintiff and the Class may obtain declaratory relief.

143.   Defendants employed Plaintiff and the Class

144.   Defendants Tax Breaks, Inc., Darius Allen and Kevin Murphy have co-equal liability with all other defendants for violations that occurred.

145.   Plaintiff and the Class members are individually covered by the FLSA

146.   Plaintiff and the Class were not compensated at a rate of at least minimum wage for work performed for Defendants.

147.   Plaintiff and the Class are entitled to overtime wages pursuant to 29 USC §207.

148.   Defendants did not rely on a good faith defense in its failure to abide by the provisions of the FLSA and failure to pay overtime compensation.

149.   It is in the public interest to have these declarations of rights recorded as Plaintiff's and the Class' declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue, preventing future harm and promoting the remedial purposes of the FLSA.

150.   The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff and the Class request that the judgment be entered in his favor against Defendants:

(a) Declaring, pursuant to 29 USC §§2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA.

(b) Declaring, pursuant to 29 USC §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA.

(c) For Plaintiff's and the Class's costs incurred in this action

(d) Declaring, pursuant to 29 USC §§2201 and 2202, that Defendants Tax Breaks, Inc., Darius Allen and Kevin Murphy, and all other Defendants have co-equal liability.

(e) Awarding Plaintiff's and the Class's reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 USC §216(b).

(f) For such other further relief as the Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Class request that the Court enter judgment and grant the following relief to Plaintiff and the Class:

(a)      That the Court certify this action as a class action under Rule 23(b)(1), 23(b)(2), 23(b)(3) of the Federal Rules of Civil Procedure with respect to the Plaintiff's and the Class's claims for damages and other relief, and declaring Plaintiff as representatives of the Class and their counsel as counsel for the Class; and

(b)      For an order of the Court finding Defendants Darius Allen and Kevin Murphy to be the alter ego of Tax Breaks, Inc.; and

(c)      Damages on Count One for RICO Violation against Defendants, in an amount to be determined at trial, including treble damages, attorneys' fees and costs and interest thereon, as well as any other damages allowed by law; and

(d)      Damages on Count Two, Violation of Section 206 of the FLSA against Defendants, in an amount to be determined at trial, along with costs and interest, as well as any other damages allowed by law, including compensation in the amount due to them for unpaid minimum wages and liquidated damages; and

(e)      Damages on Count Three, Violation of Section 207 of the FLSA against Defendants, in an amount to be determined at trial, along with costs and interest and liquidated damages, as well as any other damages allowed by law, including overtime compensation in the amount due to them for all time worked in excess of forty (40) hours per work week at an amount equal to one and one-half times Plaintiff's and the Class's regular rate of pay while at work at Tax Breaks, Inc.; and

(f)      Damages on Count Four, Breach of Contract against Defendants, in an amount to be determined at trial, plus costs and interest thereon, as well as any other damages allowed by law; and

(g)      Damages on Count Five, Fraud, in an amount to be determined at trial, plus punitive damages and costs and interest thereon, as well as any other damages allowed by law; and

(h)      Damages on Count Six, Bad Faith against Defendants, in an amount to be determined at trial, along with costs and interest and punitive damages, as well as any other damages allowed by law; and

(i)      Damages on Count Seven, Failure to Pay Wages against Defendants, in an amount to be determined at trial, costs and interest thereon, as well as any other damages allowed by law; and

(j)      Damages on Count Eight, *Quantum Meruit* against Defendants, in an amount to be determined at trial, plus costs and interest thereon, as well as any other damages allowed by law; and

(k)      Damages on Count Nine, Unjust Enrichment against Defendants,  in an amount to be determined at trial, plus costs and interest thereon, as well as any other damages allowed by law; and

(l)     Damages on Count Ten, Conversion against Defendants, in an amount to be determined at trial, plus punitive damages, costs and interest thereon, as well as any other damages allowed by law; and

(m)     Damages on Count Eleven, Failure to Pay FICA against Defendants, in an amount to be determined at trial, plus punitive damages, costs and interest thereon, as well as any other damages allowed by law; and

(n)     Damages on Count Twelve, Alter Ego/Piercing the Corporate Veil, in an amount to be determined at trial, plus punitive damages, costs and interest thereon, as well as any other damages allowed by law; and

(o)     Awarding Plaintiff's and the Class's reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 USC §216(b);

(p)     For Plaintiff and the Class's costs incurred in this action; and

(q)     Awarding Plaintiff and the Class post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

(r)     All such other and further relief allowed by law and as the Court deems just and proper.

## JURY DEMAND

Plaintiff and the Class hereby request that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

1   Dated: March 12, 2013            Respectfully submitted,

2

3                                 **PHILLIPS DAYES LAW GROUP PC**

4                                 _____/s/ Trey  Dayes_____

5                                 Trey Dayes

6                                 treyd@phillipslaw.com

                                Attorney for Plaintiff